NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| M. F.A. N., | No. 20-55492 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04070-MWF-AS |
| v. | |
| ALEJANDRO N. MAYORKAS, Secretary, United States Department of Homeland Security*; et al., | MEMORANDUM** |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted July 30, 2021***
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and MÁRQUEZ,**** District

---

* Alejandro Mayorkas has been substituted for his predecessor, Chad Wolf, as the Secretary of the United States Department of Homeland Security under Federal Rule of Appellate Procedure 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**** The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Judge.

M.F.A.N. (MFAN) appeals from the district court's denial of her motion for summary judgment and grant of the government's motion for summary judgment. MFAN filed the instant lawsuit to challenge the United States Citizenship and Immigration Services' (USCIS) denial of her application for an extension of a B-2 tourist visa and dismissal of her motion to reconsider and reopen her petition. On appeal, MFAN challenges only USCIS's dismissal of her motion to reopen. As the parties are familiar with the facts, we do not recount them here. We affirm.

We review de novo a district court's ruling on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). In agency review cases under § 706 of the Administrative Procedure Act (APA), the reviewing court shall set aside agency action "found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Kazarian v. U.S. Citizenship & Immigr. Servs.*, 596 F.3d 1115, 1118 (9th Cir. 2010).

Under 8 C.F.R. § 103.5(a)(2), "[a] motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence." "A motion that does not meet applicable requirements shall be dismissed." *Id.* § 103.5(a)(4). MFAN argues that USCIS abused its discretion in dismissing her motion to reopen because she met the requirements of

§ 103.5(a)(2) by stating new facts supported by documentary evidence that would be provided in a reopened proceeding. However, MFAN's "new facts"—evidence of her intent to leave the country in August *2016*—are immaterial to her underlying petition, since her B-2 tourist visa expired in July *2015*. The evidence she submitted therefore could not have affected her eligibility to remain in the country "at the time of filing" the initial application for an extension. *See* 8 C.F.R. § 103.2(b)(1); *In re Izummi*, 22 I & N Dec. 169, 175 (BIA 1998).

Rather than argue the newly submitted evidence is material, MFAN contends that "materiality" is either irrelevant under § 103.5(a)(2) because it only requires "new facts" to be provided or that USCIS should have included a "statement of non-materiality." But the APA requires that agency decisions "shall include a statement of . . . findings and conclusions, and the reasons or basis therefor, on all the *material* issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A) (emphasis added). Moreover, "agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam). And MFAN cites no authority for the notion that a consideration of materiality is uniquely inappropriate in the context of dismissing a motion to reopen. After all, agencies are only required to consider relevant information. *See, e.g.,*

*Bagamasbad*, 429 U.S. at 25; *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Therefore, USCIS did not abuse its discretion in dismissing MFAN's motion to reopen, which was not supported by material new facts, and the district court properly granted summary judgment.

**AFFIRMED.**